**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Michael Dalen Creamer and other similarly situated employees of the Anderson County Sheriff's Office,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Anderson County Sheriff's Office,<br><br>　　　　　Defendant. | Civil Action No. 8:13-cv-03405-JMC<br><br><br>**ORDER AND OPINION** |

Plaintiff Michael Dalen Creamer ("Creamer") and other similarly situated employees of the Anderson County Sheriff's Office (collectively "Plaintiffs") filed this action alleging violation of the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10 to -110 (Supp. 2011), violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and for breach of contract/covenant of good faith and fair dealing.

This matter is before the court on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) by Defendant Anderson County Sheriff's Office ("Defendant") (ECF No. 5). Specifically, Defendant seeks to dismiss the third claim in Plaintiffs' complaint for breach of contract/covenant of good faith and fair dealing (ECF No. 1-1 at 11–12). (ECF No. 5 at 1.) For the reasons set forth below, the court **DENIES** Defendant's motion to dismiss.

**RELEVANT BACKGROUND TO PENDING MOTION**

The following recitation presents the facts in the light most favorable to Plaintiffs.

Plaintiffs are employed by Defendant as canine ("K9") officers. (ECF No. 1-1 at 2.) Plaintiffs allege that pursuant to *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 554

1

(1985)[1], and its progeny, as well as Defendant's General Order 211[2] (the "*Garcia* Order"), Plaintiffs are supposed to "receive compensation for the at-home care and feeding that they perform for the canines they house and care for during their off-duty time." (*Id.* at 3.) Plaintiffs are supposed to receive such compensation even on days when they are not on duty because the canines require such care, and such care benefits Defendant. (*Id.*) Plaintiffs have never received compensation for taking care of the animals since the date Plaintiffs began working for Defendant.[3] (*Id.*) Even on Plaintiffs' days off, Plaintiffs were never reimbursed for time used to care for the canines. (*Id.*)

Around December 2011, Creamer became aware of the *Garcia* case by reading the *Garcia* Order which provided that, "Anderson County Sheriff's Office complies with the US Supreme Court Decision regarding Garcia vs. San Antonio (1985) and, as such, provides compensation for Canine handlers working overtime." (*Id.* at 3–4.) Upon learning this information, on January 4, 2012, Plaintiffs met with Sergeant Jamie Crawford, who was in charge of the Patrol K9's, to discuss the issue. (*Id.* at 4.) Plaintiffs were informed that not receiving compensation for the at-home care of the canines was "the way it has always been done at the Sheriff's Office." (*Id.* (internal quotation marks omitted).) Plaintiffs were also informed that if the topic ever reached Defendant's administration, the Sheriff or Lieutenant Binninger would "retaliate against" Plaintiff by removing the canines entirely. (*Id.* (internal quotation marks omitted).) Crawford was later injured and replaced by Lieutenant Payne. (*Id.*) In early 2013, Plaintiff also discussed the *Garcia* situation with Payne. (*Id.*) Payne explained that

---

[1] In *Garcia*, the Supreme Court of the United States held that Congress possessed the constitutional authority to impose the FLSA onto state and local governments.

[2] Plaintiffs cite to "General Orders" without defining what they are. (*See* ECF No. 1-1 at 3–6, 9, 11.) Defendant, however, confirms in its motion to dismiss (ECF No. 5-1 at 2) that Defendant promulgates policy by issuing General Orders.

[3] Creamer has been employed with Defendant since January 25, 2010. (ECF No. 1-1 at 2.)

"he knew that the law was not being followed correctly," but that was "'the way it had always been.'" (*Id.*)

Defendant's General Order 107 part "hh" (the "Whistleblower Order") provides that:

Whistlerblower Protection and Procedure – *Employees are required to immediately report any evidence of another employees' criminal wrongdoing through the chain of command*.
. . . .
In the event the immediate supervisor, Command Officer within the chain of command, or the Deputy Chief is suspected of criminal wrongdoing or of covering up another employee's wrongdoing, employees are required to report such information directly to the next higher Command Officer in the chain of command or to the Sheriff. Thereafter, should no action be taken on the information provided, the employee should report the wrongdoing to an appropriate prosecuting agency such as the Attorney General's Office.
Employees are subject to termination for any activity that interferes with or hinders the successful prosecution of an employee's criminal misconduct. *Employees [sic] are not subject to retaliatory disciplinary action for reporting under this rule*. However, employees are subject to discipline for making frivolous reports.

(*Id.* at 6.) Furthermore, General Order 107, part "s" states that, "[a]ll employees shall observe and obey all General Orders, Standard Operating Procedures and Special Orders issued by the Sheriff's Office." (*Id.* at 11.) None of these General Orders have a "non-contract" disclaimer. (*Id.*)

In July 2012, Plaintiff went to Captain Loftis, part of Defendant's administration, to express concern over threats made by Binninger to members of the C.A.T.C.H.[4] Team. (*Id.* at 6–7.) On August 16, 2012, Binninger told Plaintiffs that he was going to remove them from the C.A.T.C.H. Team because of the complaints they made about him. (*Id.* at 7.) Thereafter, Binninger tried to write Plaintiffs up "for frivolous things." (*Id.*)

---

[4] Plaintiffs initially were part of the C.A.T.C.H. Team, which is an acronym for Criminal Apprehension Through Community Help. (ECF No. 5-1 at 1 n.2.)

In September 2012, "employees of Defendant chased a fleeing suspect" into Georgia. (*Id.*) After the vehicle stopped, a K9 "was commanded to attack the suspect and the suspect suffered injuries." (*Id.*) In violation of 18 U.S.C. § 3182, Defendant's Sergeant Hamby instructed "deputies on the scene to take the prisoner back across the state line and into Anderson County and place him under arrest." (*Id.*) "[Creamer] heard about the dog bite incident and pulled up the report the next morning." (*Id.* at 8.) The report stated that "the suspect was 'apprehended at the state line' and 'transported to the hospital.'" (*Id.*) Creamer informed both Captain Loftis and Chief Smith, part of Defendant's administration, of this alleged discrepancy. (*Id.*) "It was determined that the original report was altered to cover up the Georgia incident." (*Id.*) Creamer also informed Defendant's administration that Hamby was using an undercover vehicle as his personal vehicle and thus misusing Anderson County property. (*Id.*) Binninger was aware that Hamby was misusing such property. (*Id.*)

The Federal Bureau of Investigation eventually got involved in the investigation surrounding the Georgia chase. (*Id.* at 9.) The FBI, however, dropped the investigation after learning that the suspect "chose not to prosecute Defendant for his civil rights'/civil liberties' violations in exchange for [Defendant] not prosecuting him." (*Id.*)

Upon learning of the FBI's investigation, "Plaintiff and all the CATCH Team members (other than Sergeant [Hamby] and Lieutenant [Binninger]) were assigned to routine road patrol." (*Id.*) Plaintiffs allege that Defendant "retaliated" against Plaintiffs after they reported criminal wrongdoing. (*See id.* at 12.) Specifically, Plaintiffs allege that when they reported that they were not receiving proper compensation and when they reported other Defendant employees' misconduct, Plaintiffs were retaliated against by being reassigned from the C.A.T.C.H. Team to routine road patrol. (*Id.* at 9.)

4

**LEGAL STANDARD**

A.    <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

Federal Rule of Civil Procedure 8(a)(2) provides that in order to survive a motion to dismiss, "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists where "pleaded factual content allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges "the legal sufficiency of [a] complaint." *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). When ruling on a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The facts as alleged in a plaintiff's complaint are accepted as true, *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 326 (4th Cir. 1996), and a Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

B.   Breach of Contract

In order to prevail on a breach of contract claim under South Carolina law, a plaintiff bears the burden of establishing the existence and terms of the contract, defendant's breach of one or more of the contractual terms, and damages resulting from the breach. *Taylor v. Cummins Atlantic, Inc.*, 852 F. Supp. 1279, 1286 (D.S.C. 1994) (citing *Fuller v. Eastern Fire & Cas. Ins. Co.*, 240 S.C. 75, 89 (1962)). In an action asserting breach of contract *based on a company policy*, once an employer voluntarily publishes the policy to its employees, the employer may be held liable for breach of contract if the employee can establish that the policy applies to the employee, sets out procedures binding on the employer, and does not contain a conspicuous and appropriate disclaimer. *Grant v. Mount Vernon Mills, Inc.*, 634 S.E.2d 15, 20 (S.C. Ct. App. 2006).

C.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Under South Carolina law, "'there exists in every contract an implied covenant of good faith and fair dealing.'" *Williams v. Riedman*, 339 S.C. 251, 267 (2000) (quoting *Commercial Credit Corp. v. Nelson Motors, Inc.*, 247 S.C. 360, 366–67 (1966)). However, "the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for a breach of contract." *RoTec Services, Inc. v. Encompass Services, Inc.*, 359 S.C. 467, 473 (Ct. App. 2004).

**DISCUSSION**

Defendant asserts that pursuant to S.C. Code Ann. § 23-13-10 (1976), Plaintiffs serve at the pleasure of Defendant. (ECF No. 5-1 at 2.) Section 23-13-10 provides that "[t]he sheriff may appoint one or more deputies . . . [and] [s]uch appointment . . . shall continue during his pleasure." Therefore, according to Defendant, "a deputy's 'service at the sheriff's pleasure'

entails not only *how long* he serves, but *how* he serves." (ECF No. 5-1 at 2.) Defendant further argues that "a Sheriff's adoption of certain procedures, or even an employee handbook, cannot alter the nature of a deputy's employment." (*Id.*) Thus, Defendant asserts that Defendant's General Orders "do not constitute a contract and Plaintiffs['] employment remains subject to the sheriff's discretion." (*Id.* at 3.)

Furthermore, Defendant argues that since Plaintiffs are employed with Defendant "at-will," then Defendant could not have violated the covenant of good faith and fair dealing. (*Id.*) Expressly, according to Defendant, "[t]he covenant of good faith and fair dealing does not apply to an employment at-will situation." (*Id.*) Accordingly, Defendant contends that the court should grant its Rule 12(b)(6) motion to dismiss because Plaintiffs' "good faith and fair dealing" cause of action fails as a matter of law. (*Id.*)

Plaintiffs assert that Defendant's General Orders altered Plaintiffs at-will employment, thereby creating an implied contract. (*See* ECF No. 1-1 at 12.) Specifically, Plaintiffs contend that Defendant's General Orders were "specific, written, promises of Defendant not to retaliate against Plaintiff[s] and constitute an enforceable contract that was breached." (*Id.*) Moreover, Plaintiffs contend Defendant violated the covenant of good faith and fair dealing when Defendant retaliated against Plaintiffs for reporting criminal wrongdoing. (*Id.*)

South Carolina recognizes the doctrine of employment at-will. *Grant v. Mount Vernon Mills, Inc.*, 370 S.C. 138, 145 (2006). "At-will employment is generally terminable by either party at any time, for any reason or for no reason at all." *Prescott v. Farmers Telephone Coop., Inc.*, 335 S.C. 330, 334 (1999). Because it is presumed that employment in South Carolina is at-will, "in order to survive a Rule 12 motion to dismiss on a claim for breach of contract of employment, a plaintiff must plead sufficient factual allegations to establish the existence of an

7

8:13-cv-03405-JMC     Date Filed 08/07/14    Entry Number 15     Page 8 of 9

employment contract beyond the at-will relationship." *Weaver v. John Lucas Tree Expert Co.*, No. 13-01698, 2013 WL 5587854, at *4 (D.S.C. October 10, 2013).

Defendant makes much of the fact that Defendant, as Sheriff, hires Plaintiffs at its "pleasure." (ECF No. 5-1 at 2.) Thus, according to Defendant, Defendant's adoption of "certain procedures, or even an employee handbook, cannot alter the nature of a deputy's employment." (*Id.*)

The court, however, finds that S.C. Code Ann. § 23-13-10 merely establishes that deputies serve "at the will" of the Sheriff, and the statute does not contemplate whether a Sheriff can alter that at-will relationship by contract through issuing policy. Accordingly, at this Rule 12(b)(6) stage, the court finds that Plaintiffs have sufficiently pleaded facts to allege that Defendant altered Plaintiffs' at-will employment.

Firstly, Plaintiffs have alleged that the General Orders apply to Plaintiffs. (ECF No. 1-1 at 11 ("*All employees* shall observe and obey all General Orders[.]") (emphasis added).)[5] Secondly, Plaintiffs have alleged that the General Orders are binding on Defendant. (*See* ECF No. 1-1 at 6 ("Employees are *not subject to* retaliatory disciplinary action for reporting under this rule," implying that Defendant, as an employer, may not retaliate against employees if they report criminal wrongdoing. Thus, evidencing that such General Orders bind Defendant) (emphasis added).)[6] Thirdly, Plaintiffs have pleaded that the General Orders do not contain a conspicuous and appropriate disclaimer. (*Id.* at 11.)

---

[5] Defendant confirms in its motion to dismiss (ECF No. 5-1 at 2) that Plaintiffs have alleged that the General Orders do apply to Plaintiffs.

[6] As additional support for the allegation that the General Orders are binding on Defendant, Plaintiffs specify that the Anderson County Sheriff testified that he is "required to follow the General Orders." (ECF No. 9 at 6 (citing ECF No. 9-1).)

8

Accordingly, the court finds that Plaintiffs have sufficiently pleaded facts to allege that Defendant altered Plaintiffs' at-will employment in its issuing of the General Orders. The court also finds that Plaintiffs have pleaded sufficient facts to allege that Defendant breached the resulting contract and the implied duty of good faith and fair dealing.

In considering this motion to dismiss, the court does not speak as to the merits of Plaintiffs' claims. The court, instead, merely finds that Plaintiffs have pleaded facts sufficient to get beyond a Rule 12(b)(6) motion.

For the reasons stated above, the court **DENIES** Defendant Anderson County Sheriff's Office's Motion to Dismiss.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 7, 2014
Greenville, South Carolina